**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| GLORIA WASHINGTON, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>HOVENSA, L.L.C., and TRIANGLE )<br>CONSTRUCTION AND )<br>MAINTENANCE, INC., )<br>Defendants. )<br>_____ ) | 2006-CV-0097 |

**TO:** Lee J. Rohn, Esq.
C. Beth Moss, Esq.

### ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL DEFENDANT HOVENSA TO PRODUCE DOCUMENTS

THIS MATTER came before the Court upon the parties' Joint Stipulation Regarding Plaintiff's Motion to Compel Defendant HOVENSA to Produce Documents (Docket No. 45).

Plaintiff seeks more detailed responses to Demand For Production Nos. 1, 2, 3, 4, 6, 7, 8, 9, 11, 12, 14, 17, 18, 19, and 22.  Defendant HOVENSA, L.L.C. (HOVENSA), primarily objects to the requested discovery as grossly over broad and protected by the attorney-client privilege and/or the self critical analysis privilege.  More importantly, said Defendant claims that it has already fully responded to most of Plaintiff's requests.

*Washington v. Hovensa, L.L.C.*
2006-CV-0097
Order Regarding Plaintiff's Motions to Compel
Page 2

Regarding Demand For Production No. 1

In response to Plaintiff's allegation that HOVENSA's response was incomplete, HOVENSA states that it already has produced all documents that are responsive to Plaintiff's Demand For Production No. 1. Consequently, Plaintiff's motion relative to Demand For Production No. 1 is **DENIED**.

Regarding Demand For Production No. 2

In response to Plaintiff's allegation that HOVENSA's response was incomplete, HOVENSA states that it conducted a reasonable search for the requested documents and has produced all documents known to it that are responsive to Plaintiff's request. Consequently, Plaintiff's motion relative to Demand For Production No. 2 is **DENIED**.

Regarding Demand For Production No. 3

In response to Plaintiff's allegation that HOVENSA's response was incomplete, HOVENSA states that it produced the document, "Procedures of Portable Blasting," in response to Plaintiff's request. However, HOVENSA does not allege that said document is the only one in its possession responsive to Plaintiff's request. Consequently, Plaintiff's request relative to Demand for Production No. 2 is

**GRANTED.** Should HOVENSA have any documents responsive to said request, they must be produced.

Regarding Demand For Production No. 4

Plaintiff alleges that she never received the document HOVENSA claims to have produced, "Procedure for Portable Abrasive Blasting." HOVENSA states that the requested document was attached to the production responses. Since HOVENSA does not object to providing Plaintiff with said document, Plaintiff's request relative to Demand For Production No. 4 is **GRANTED**. Even if HOVENSA already has provided Plaintiff with said document, it must provide an additional copy.

Regarding Demand For Production No. 6

In response to Plaintiff's allegation that HOVENSA's response was incomplete, HOVENSA states that it already has produced the only document responsive to Plaintiff's request. Consequently, Plaintiff's request relative to Demand for Production No. 6 is **DENIED**.

Regarding Demand For Production No. 7

In response to Plaintiff's allegation that HOVENSA's response was incomplete, HOVENSA states that it already has produced all documents responsive to Plaintiff's

*Washington v. Hovensa, L.L.C.*
2006-CV-0097
Order Regarding Plaintiff's Motions to Compel
Page 4

request. Consequently, Plaintiff's request relative to Demand for Production No. 7 is **DENIED**.

Regarding Demand For Production No. 8

In response to Plaintiff's allegation that HOVENSA's response was incomplete, HOVENSA states that it already has produced all documents responsive to Plaintiff's request. Consequently, Plaintiff's request relative to Demand for Production No. 7 is **DENIED**.

Regarding Demand for Production No. 9

In response to Plaintiff's allegation that HOVENSA's response was incomplete, HOVENSA states that it already has produced all documents responsive to Plaintiff's request. Consequently, Plaintiff's request relative to Demand for Production No. 9 is **DENIED**.

Regarding Demand For Production No. 11

In response to Plaintiff's allegation that HOVENSA's response was incomplete for not producing a "privilege log," HOVENSA states that a privilege log was never produced because no documents were withheld. Consequently, Plaintiff's request relative to Demand for Production No. 11 is **DENIED.**

Regarding Demand for Production No. 12

In response to Plaintiff's allegation that HOVENSA's response was incomplete, HOVENSA states that it has not withheld any documents. Consequently, Plaintiff's request relative to Demand for Production No. 12 is **DENIED**.

Regarding Demand for Production No. 14

In response to Plaintiff's allegation that HOVENSA's response was incomplete, HOVENSA states that it has not withheld any documents that would support its affirmative defenses. Consequently, Plaintiff's rasequest relative to Demand for Production No. 14 is **DENIED**.

Regarding Demand For Production No. 17

Plaintiff is demanding "any and all documents and communications" regarding other claims against said Defendant involving "sandblasting accidents." Demand for Production No. 17. HOVENSA objects to this demand on the grounds that it is overly broad and equally accessible to Plaintiff.

Federal Rules of Civil Procedure 26(b) permits parties to discover information as to any nonprivileged matter that is "relevant to any party's claim or defense." *Id.* Relevance has been defined broadly to "encompass any matter that bears on, or that

reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Irving Sanders*, 437 U.S. 340, 351 (1978).

In order to prevail in a cause of action for negligence, a plaintiff must meet her burden of establishing four elements: duty, breach, legal causation, and loss. *Perez v. Government of Virgin Islands*, No. 19 84/273, 1987 WL 10557 at *1 (D.V.I. April 30, 1987) (citing *Restatement (Second) of Torts* § 281)). Furthermore, the Restatement explains that "[i]n order for the actor to be negligent with respect to the other, his conduct must create a recognizable risk of harm to the other individually, or to a class of persons – as, for example, all persons within a given area of danger – of which the other is a member." *Restatement (Second) of Torts* § 281 comment *c* (1965).

Plaintiff is demanding all documents as to any other claims against said Defendant involving other sandblasting accidents in order to establish her claim that the conditions at HOVENSA's premises were unsafe. The requested documents are relevant to Plaintiff's claim because evidence of repeated accidents might help establish that the HOVENSA premises were in fact unsafe and that, therefore, there was "a recognizable risk of harm." However, Plaintiff's request is too broad in that it is not limited to a class of persons to which she belongs. According to the Complaint, Plaintiff

was a "business invitee" at HOVENSA. Complaint at 1. Consequently, Plaintiff's request relative to Demand for Production No. 17 is **GRANTED IN PART AND DENIED IN PART**. The Demand is granted but limited to documents and communications involving any person who was not employed by HOVENSA at the time of an accident.

Regarding Demand For Production No. 18

In response to Plaintiff's allegation that HOVENSA's response was incomplete, HOVENSA states that it has not withheld any documents responsive to Plaintiff's request. Consequently, Plaintiff's request relative to Demand for Production No. 18 is **DENIED**.

Regarding Demand For Production No. 19

In response to Plaintiff's allegation that HOVENSA's response was incomplete, HOVENSA states that it has not withheld any documents responsive to Plaintiff's request. Consequently, Plaintiff's request relative to Demand for Production No. 19 is **DENIED**.

*Washington v. Hovensa, L.L.C.*
2006-CV-0097
Order Regarding Plaintiff's Motions to Compel
Page 8

Regarding Demand For Production No. 22

In response to Plaintiff's allegation that HOVENSA's response was incomplete, HOVENSA states that has not withheld any documents responsive to Plaintiff's request. Consequently, Plaintiff's request relative to Demand for Production No. 22 is **DENIED**.

Now therefore it is hereby **ORDERED**:

1. Plaintiff's Motion to Compel Defendant HOVENSA to Produce Documents (Docket No. 45) is **GRANTED IN PART AND DENIED IN PART**.

2. Plaintiff's Motion to Compel Defendant HOVENSA to Produce Documents is **GRANTED IN PART AND DENIED IN PART**, with respect to Demand for Production No. 17, as more fully set forth hereinabove.

3. Plaintiff's Motion to Compel Defendant HOVENSA to Produce Documents is **GRANTED** with respect to Demand for Production Nos. 3, and 4, as more fully set forth hereinabove.

*Washington v. Hovensa, L.L.C.*
2006-CV-0097
Order Regarding Plaintiff's Motions to Compel
Page 9

    4.    Plaintiff's Motion to Compel Defendant HOVENSA to Produce Documents is **DENIED** with respect to Demand For Production Nos. 1, 2, 6, 7, 8, 9, 11, 12, 14, 18, 19, and 22, as more fully set forth hereinabove.

        ENTER:

Dated: June 25, 2008          /s/
        GEORGE W. CANNON, JR.
        U.S. MAGISTRATE JUDGE