| DISTRICT COURT OF THE VIRGIN ISLANDS |
|---|
| DIVISION OF ST. CROIX |

|  |  |  |
|---|---|---|
| GLORIA WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | 2006-CV-0097 |
| v. | ) | |
| | ) | |
| HOVENSA, L.L.C., and TRIANGLE | ) | |
| CONSTRUCTION AND | ) | |
| MAINTENANCE, INC., | ) | |
| Defendants. | ) | |
| | ) | |

TO:   Lee J. Rohn, Esq.
       C. Beth Moss, Esq.

### ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL DEFENDANT HOVENSA TO PROVIDE MORE COMPLETE RESPONSES TO DISCOVERY

THIS MATTER came before the Court upon Plaintiff's Motion to Compel Defendant HOVENSA to Provide More Complete Responses to Discovery (Docket No. 58).  The time for filing a response has expired.

Plaintiff seeks more complete responses to Interrogatory Nos. 1, 2, 3, 6, 8, 15, and 18.

Regarding Interrogatory No. 1

Plaintiff claims that the "underlying purpose of this question" is to find out whether Defendant HOVENSA responded to her interrogatories after conducting a

*Washington v. Hovensa, L.L.C.*
2006-CV-0097
Order Regarding Plaintiff's Motion to Compel
Page 2

"reasonable inquiry" pursuant to Federal Rules of Civil Procedure 26(g).  Motion at 2.

Therefore, she claims she is "entitled to learn what each person did with respect to the

preparation of the interrogatory responses."  Motion at 2.

Rule 26(g) requires every response to be signed by an attorney.  This signature

certifies, among other things, that the response was formed after a "reasonable inquiry."

*Id.*  However, this does not entitle Plaintiff to a detailed account of Defendant's entire

investigation.  The advisory committee notes:

> In making the [reasonable] inquiry, the attorney may rely on assertions by
> the client and on communications with other counsel in the case as long as
> that reliance is appropriate under the circumstances.  Ultimately, what is
> reasonable is a matter for the court to decide on the totality of the
> circumstances.

Fed. R. Civ. P. 26, comment to subdivision (g).  This Court finds that

HOVENSA's response is sufficient to indicate a reasonable inquiry was made in

accordance with Rule 26.  Consequently, Plaintiff's motion relative to Interrogatory No.

1 is **DENIED**.

Regarding Interrogatory No. 2

In response to Plaintiff's allegation that HOVENSA's response was incomplete,

HOVENSA states that the only record of its knowledge of the incident was previously

produced in the "Incident Report."  Response to Interrogatory No. 2.  Consequently,

Plaintiff's motion relative to Interrogatory No. 2 is **DENIED**.

Regarding Interrogatory No. 3

Plaintiff seeks a more complete answer regarding the nature of the work being

performed by Defendant Triangle crew members and "any other persons" in the area

on April 5, 2006.  Interrogatory No. 3.  With respect to the work performed by

Defendant Triangle crew members, said Defendant claims it has no further knowledge

beyond what it has provided.  Response to Interrogatory No. 3.  With respect to the

work performed by "any other persons" in the area, Defendant HOVENSA objects to

the inquiry as over broad and irrelevant to the claim or defense of any party.  *Id.*

Federal Rules of Civil Procedure 26(b) permits parties to discover information as

to any nonprivileged matter that is "relevant to any party's claim or defense."  *Id.*

Relevance has been defined broadly to "encompass any matter that bears on, or that

reasonably could lead to other matter that could bear on, any issue that is or may be in

the case."  *Oppenheimer Fund, Inc. v. Irving Sanders*, 437 U.S. 340, 351 (1978).

In order to prevail in a cause of action for negligence, a plaintiff must meet her

burden of establishing four elements: duty, breach, legal causation, and loss.  *Perez v.*

*Government of Virgin Islands*, No. 1984/273, 1987 WL 10557 at *1 (D.V.I. April 30, 1987)

*Washington v. Hovensa, L.L.C.*
2006-CV-0097
Order Regarding Plaintiff's Motion to Compel
Page 4

(citing *Restatement (Second) of Torts* § 281)).  Furthermore, the Restatement explains that

"[c]onduct is negligent because it tends to subject the interests of another to an

unreasonable risk of harm.  Such a risk may be made up of a number of hazards . . . .

The Actor's negligence lies in subjecting the other to the aggregate of such hazards."

*Restatement (Second) of Torts* § 281 comment e (1965).

Plaintiff's inquiry with respect to the nature of the work by "any other person,"

other than Defendant Triangle crew members, is relevant to Plaintiff's claim because it

might establish that other workers were creating hazards, the aggregate of which makes

HOVENSA negligent in this case.

Consequently, Plaintiff's request relative to Interrogatory No. 3 is **GRANTED IN**

**PART AND DENIED IN PART**.  Defendant HOVENSA must provide any knowledge

it has of the nature of the work of any workers, other than Defendant Triangle crew

members,  in the area on April 5, 2008.

Regarding Interrogatory No. 6

Plaintiff seeks a more complete answer regarding the training of the individuals

operating the sandblasting equipment on the day of the accident and HOVENSA's

policies, procedures, and maintenance with respect to the said equipment.

Interrogatory No. 8.  Defendant HOVENSA objects to the request as over broad and

irrelevant.  However, without waiving said objection, HOVENSA has provided

information regarding a "Safety Manual" given to other contractors.  Moreover,

HOVENSA has produced the document, "Procedure for Portable Abrasive Blasting,"

with respect to the training of its own employees.  This Court finds that HOVENSA has

sufficiently responded to Plaintiff's inquiry.  Consequently, Plaintiff's request with

respect to Interrogatory No. 6 is **DENIED**.

Regarding Interrogatory No. 8

Plaintiff alleges HOVENSA's response is incomplete in that it references another

document produced, "Procedures for Portable Abrasive Blasting," instead of providing

a full and complete response on its own.  Response to Interrogatory No. 8.

Under Federal Rules of Civil Procedure 33(b), a party may answer an

interrogatory by referencing the document where it might be found, as long as said

party specifies the record "in sufficient detail to enable the interrogating party to locate

and identify them as readily as readily as the responding party could."  *Id*.  *See also*

*Playboy Entertainment Group, Inc. v. United States,* Civ. No. 96-94-JJF, 1997 WL 873550 at

*5 (D. Del. December, 11, 1997).  This Court finds that said Defendant has met that

burden in this case.  Consequently, Plaintiff's request with respect to Interrogatory No.

8 is **DENIED**.

*Washington v. Hovensa, L.L.C.*
2006-CV-0097
Order Regarding Plaintiff's Motion to Compel
Page 6

Regarding Interrogatory No. 15

Plaintiff seeks a more complete response to its request that HOVENSA

"identify/describe with particularity all pieces of sandblasting equipment that were

being used . . . ." Interrogatory No. 15. Yet, Plaintiff admits that Defendant Triangle

already has provided the name, model number, and photos of said equipment. Motion

to Compel at 10. Consequently, Plaintiff's request with respect to Interrogatory No. 15

is **DENIED**.

Regarding Interrogatory No. 18

Plaintiff seeks a more complete response to her request that HOVENSA state the

factual bases for its contention that Plaintiff contributed to the incident. Interrogatory

No. 18. HOVENSA responds that it will provide later the requested information, and it

also objects to said request on the grounds that it violates the attorney work product

doctrine and attorney-client privilege. Response to Interrogatory No. 18.

Contrary to HOVENSA's objection, Plaintiff specifically inquires about the

"factual basis" behind said Defendant's argument, not about "communications"

between private parties. "Regarding affirmative defenses, Defendant must respond to

interrogatories by stating all facts currently known to Defendant as requested by

*Washington v. Hovensa, L.L.C.*
2006-CV-0097
Order Regarding Plaintiff's Motion to Compel
Page 7


Plaintiff." *Nobles v. Jacobs*, 2002-CV-26, 2003 WL 23198817 at *2 (D.V.I. July 7, 2003).

Consequently, HOVENSA shall supplement with any currently known facts.

Accordingly, it is hereby **ORDERED**:

1.    Plaintiff's Motion to Compel Defendant HOVENSA to Provide More

Complete Responses to Discovery (Docket No. 58) is **GRANTED IN**

**PART AND DENIED IN PART**.

2.    Plaintiff's said motion to compel is **GRANTED IN PART AND DENIED**

**IN PART** with respect to Interrogatory Nos. 3 and 18, as more fully set

forth hereinabove.

3.    Plaintiff's said motion to compel is **DENIED** with respect to Interrogatory

Nos. 1, 2, 6, 8, and 15, as more fully set forth hereinabove.

ENTER:

Dated: July 3, 2008                                                            /s/
                                                                        GEORGE W. CANNON, JR.
                                                                        U.S. MAGISTRATE JUDGE