**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

**GLORIA WASHINGTON,**

**Plaintiff,**

**v.**

**HOVENSA, L.L.C., and TRIANGLE CONSTRUCTION AND MAINTENANCE, INC.,**

**Defendants.**

**1:06-cv-97**

**TO: Mary Faith Carpenter, Esq.**
**Linda J. Blair, Esq.**
**David J. Cattie, Esq.**

**ORDER**

THIS MATTER came before the Court upon Plaintiff's Motion For Extension of Expert Deadlines Nunc Pro Tunc (Docket No. 99) and Plaintiff's Amended Motion For Extension of Expert Deadlines Nunc Pro Tunc (Docket No. 102). Defendant Triangle Construction and Maintenance, Inc., filed oppositions to each of Plaintiff's said motions, and Defendant HOVENSA, L.L.C., moved to join in such oppositions (Docket No. 104). Plaintiff filed separate replies to each Defendant's opposition.

Plaintiff seeks an extension of the deadline by which her experts were supposed to have been named and a copy of such experts' opinions provided to Defendants. The

deadline of May 29, 2009, was set by the Court's Fourth and Final Scheduling Order (Docket No. 73), entered September 2, 2008. Plaintiff filed her original motion on June 9, 2009, past the expiration of the deadline at issue.[1]

According to Rule 16(b) of the Federal Rules of Civil Procedure, scheduling orders may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Court has declared that "[t]o establish 'good cause'" under Rule 16(b)(4), 'the moving party must demonstrate that a more diligent pursuit of discovery was impossible.'" *Unlimited Holdings, Inc. v. Bertram Yacht, Inc.*, Civil 2005-46, 2008 WL 4642191 at *6 (D.V.I. October 15, 2008) (quoting *Crossley v. Elliot*, 2008 WL 2944667 at *1 (D.V.I.2008) (internal quotation omitted)).

---

1. Federal Rule of Civil Procedure 6(b), governing extending time, provides:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> > (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> >
> > (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1). The Court finds that Plaintiff's filing of the motion after the deadline had expired was not attributable to excusable neglect. Further, as explained herein, the Court finds that Plaintiff has failed to establish "good cause" for the requested extension.

In response to Defendants' demonstration that Plaintiff fails to establish "good cause" by her complete lack of any evidence that "more diligent pursuit of discovery was impossible" and in support of her Amended Motion, Plaintiff claims that counsel sent a written request to Plaintiff's former employer for Plaintiff's hearing test results in April 2008, and followed up on such request in May 2009. However, Plaintiff does not explain why it took over a year to attempt to obtain the necessary document(s) or why it would have been *impossible* to do so in a shorter period of time.

Based upon the foregoing, the Court finds that Plaintiff has failed to meet her burden of establishing good cause for modification of the scheduling order.

Accordingly, it is now hereby **ORDERED**:

1. Plaintiff's Motion For Extension of Expert Deadlines Nunc Pro Tunc (Docket No. 99) is **DENIED**.

2. Plaintiff's Amended Motion For Extension of Expert Deadlines Nunc Pro Tunc (Docket No. 102) is **DENIED**.

3. Defendant HOVENSA, L.L.C.'s Motion for Joinder in Triangle Construction and Maintenance, Inc.'s Opposition to Plaintiff's Motion and Amended Motion to Further Extend Discovery (Docket No. 104) is **GRANTED**.

ENTER:

Dated: June 29, 2009

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE