# DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

GLORIA WASHINGTON,

                              **Plaintiff,**                1:06-cv-97

    v.

HOVENSA, L.L.C., and TRIANGLE
CONSTRUCTION AND MAINTENANCE,
INC.,

                            **Defendants.**

TO:    Mary Faith Carpenter, Esq.
         Linda J. Blair, Esq.
         David J. Cattie, Esq.

## ORDER

THIS MATTER came before the Court upon Plaintiff's Motion to Reconsider Order of July 24, 2009 (Docket No. 124). Defendant Triangle Construction and Maintenance, Inc., filed an opposition to said motion, and Plaintiff filed a reply in further support of her motion.

Pursuant to Local Rule of Civil Procedure 7.3, parties may seek reconsideration of an order or decision of the Court based upon "1. intervening change in controlling law; 2. availability of new evidence, or; 3. the need to correct clear error or prevent manifest injustice." LRCi 7.3. It is well established that "[a] motion for reconsideration '[i]s not a

vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'" *Worldwide Flight Services v. Government of the Virgin Islands*, S.Ct. Civ. No. 2008-014, 2009 WL 152316 at *3 (V.I. January 21, 2009) (quoting *Bostic v. AT & T of the Virgin Islands*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004)).

Plaintiff seeks reconsideration of the Court's Order (Docket No. 123) granting Defendant Triangle Construction and Maintenance, Inc.'s Emergency Motion For Physical Examination of Gloria Washington at Plaintiff's Expense and to Have Plaintiff Pay the Cancellation Fee For the Cancelled Examination (Docket No. 112), claiming that the Court lacks the authority to enter such an order. However, Plaintiff's motion is void of any statutory or case law that supports such an assertion.

While Plaintiff complains that she was unaware that the examination by Dr. Chase would include the taking of x-rays, as Defendant Triangle Construction and Maintenance, Inc., notes, its emergency motion clearly states that, after Plaintiff refused to be examined by Dr. Pedersen, it retained the "services of Dr. Jeffrey Chase . . . to conduct the x-rays and physical examination of Plaintiff . . . ." Emergency Motion Emergency Motion For Physical Examination of Gloria Washington at Plaintiff's Expense and to Have Plaintiff Pay the Cancellation Fee For the Cancelled Examination (Docket No. 112) at 3. The said motion is

dated and was filed June 30, 2009, more than two weeks prior to the examination scheduled for July 17, 2009. Thus, Plaintiff did have advance notice of the intention of Dr. Chase to take x-rays. Moreover, Plaintiff knew that Dr. Chase intended to take x-rays as evidenced by the electronic message exchange between counsel for Plaintiff and counsel for said Defendant (a copy of which is filed as Attachment #2 with said motion), wherein counsel for Plaintiff acknowledges that she instructed Plaintiff to refuse to submit to the x-rays.

The Court finds Plaintiff's motion completely without merit. The facts plainly show that 1.) Plaintiff canceled a scheduled examination by Dr. Pedersen hours prior to the appointment despite agreeing to such examination; 2.) thereafter, said Defendant made arrangements for an examination by Dr. Chase, including x-rays, of which Plaintiff had notice; 3.) Plaintiff failed to cooperate in said examination and refused to submit to x-rays; 4.) as a sanction for her contumacious conduct, the Court ordered Plaintiff to pay Dr. Pedersen's cancellation fee and return to Dr. Chase, at her own expense, and submit to x-rays and the completion of his examination; 5.) faced with the expense of flying to St. Thomas, Plaintiff now is agreeable to having x-rays taken, but asks that it be accomplished in St. Croix.

At this juncture, Plaintiff must suffer the consequences of her choices and recalcitrant conduct. It is well established that the Court has the authority to sanction

parties for discovery abuses. Plaintiff's actions warranted the imposition of the sanctions set forth in the Court's previous order, and her sudden change of heart regarding submitting to the x-rays is not a basis for reconsideration and will not afford her any relief. Consequently, the Court will deny Plaintiff's motion to reconsider.

    WHEREFORE, it is now hereby **ORDERED** that Plaintiff's Motion to Reconsider Order of July 24, 2009 (Docket No. 124) is **DENIED**.

                                                ENTER:

Dated: August 13, 2009                        /s/ George W. Cannon, Jr.
                                                GEORGE W. CANNON, JR.
                                                U.S. MAGISTRATE JUDGE