IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| GLORIA WASHINGTON | : | CIVIL ACTION |
| v. | : | |
| HOVENSA, LLC, et al. | : | NO. 06-0097 |

MEMORANDUM

Bartle, C.J.                                                 April 28, 2010

       Plaintiff Gloria Washington alleges that she suffered hearing loss and ear and shoulder pain on April 5, 2006 when the vehicle which she was driving was struck by material from a nearby sandblaster. The defendants are HOVENSA, LLC and Triangle Construction and Maintenance, Inc. ("Triangle"). Before the court is the motion of Triangle to dismiss for lack of subject matter jurisdiction.

       Washington's complaint, which was filed on July 24, 2006, avers that this court has subject matter jurisdiction on the basis of diversity of citizenship and the requisite amount in controversy under 28 U.S.C. § 1332(a)(1). She pleaded that she was a citizen of Texas, and HOVENSA and Triangle were citizens of the U.S. Virgin Islands.

       Triangle contends that diversity of citizenship is lacking because at the time Washington filed her complaint, she was a citizen of the U.S. Virgin Islands. A plaintiff bears the burden of proving that diversity of citizenship exists by a preponderance of the evidence. See Krasnov v. Dinan, 465 F.2d

1298, 1301 (3d Cir. 1972). Diversity is to be determined based upon the facts at the time the lawsuit was initiated. See Smith v. Sperling, 354 U.S. 91, 93 n.1 (1957); S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 414 n.2 (3d Cir. 1999).

For purposes of diversity jurisdiction, a person is a citizen of the state or territory where she is domiciled. See McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006). The Court of Appeals for the Third Circuit has defined domicile to be a person's "true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning." Id. Domicile is established by an objective physical presence in the state or territory coupled with a subjective intention to remain there indefinitely. See Frett-Smith v. Vanterpool, 511 F.3d 396, 400-01 (3d Cir. 2008). When the objective and subjective components concur, one's domicile is immediately established. Krasnov, 465 F.2d at 1300. Factors that a court should consider in determining this issue include "establishment of a home, place of employment, location of assets, registration of a car, and generally, the center of one's business, domestic, social and civic life." Vanterpool, 511 F.3d at 401.

The record establishes that on July 24, 2006, Washington was residing and working in St. Croix in the Virgin Islands. She had been living continuously in the Virgin Islands since December 2005 when she moved from Texas to work as a pipe

inspector for Sabine Storage Operations and was assigned to work at the HOVENSA refinery in St. Croix. She occupied a rented apartment which she had furnished. Significantly, she testified that her work assignment at the HOVENSA refinery was for an indefinite period of time.

Washington was born in the Virgin Islands, where her mother, sisters, brothers, nieces and nephews all resided. Her apartment was in close proximity to them, and she socialized with them on a regular basis. Several months prior to filing her complaint, Washington began a romantic relationship with another Virgin Islands resident. In her deposition, Washington testified that she had returned to Texas on only one occasion from the time of her arrival in the Virgin Islands until her accident.

Washington argues that the record manifests her intention to return to Texas. She had purchased a home in Baytown, Texas in 2000 and continued to maintain it through July 24, 2006. At the time the lawsuit was filed, no one was living in or using that home. In 2006, she continued to receive mail at her Baytown, Texas address. Washington's primary care doctor was in Texas in 2006. She maintained her Texas driver's license, paid taxes in Texas, and continued to have a bank account there. Washington also received a $100 per diem from her employer to cover her rent expenses while she worked in the Virgin Islands.

After the motion to dismiss was filed, Washington submitted an affidavit dated April 16, 2010, which stated, "At

the time I traveled to St. Croix, I intended to return to Texas and I intended to continue to live in Texas. I did not intend to permanently reside in the USVI. My intention was to return to Texas once the project was completed." This affidavit, however, must be disregarded. As the Court of Appeals explained in Korn v. Korn, "One's testimony as to his intention to establish a domicile, while entitled to full and fair consideration, is subject to the infirmity of any self-serving declaration, and it cannot prevail to establish domicile when it is contradicted or negatived by an inconsistent course of conduct; otherwise stated, actions speak louder than words." 398 F.2d 689, 691 (3d Cir. 1968). Instead, we must consider Washington's statements prior to the motion to dismiss, such as those in her deposition, and her actions at the time of the filing of her complaint.

This case bears many similarities to the situation presented in Krasnov v. Dinan. See 465 F.2d 1298 (3d Cir. 1972). In Krasnov, the Court of Appeals affirmed the district court's dismissal of the action because of lack of diversity of citizenship. Defendant, a member of a semi-monastic teaching order headquartered in Connecticut, was frequently transferred from one place to another and taught wherever his Superior General assigned him. In August, 1968, he began teaching in Bethlehem, Pennsylvania. He had extremely limited possessions in Pennsylvania, held a Connecticut driver's license, and voted by absentee ballot in Connecticut elections. Nonetheless, the district court found that his domicile was in Pennsylvania when

the complaint was filed in March, 1971 since he intended to remain in the Commonwealth as long as he was assigned by his order to his teaching position there.

Here, Washington was residing and working in the Virgin Islands when the complaint was filed and expected her job here to continue indefinitely.  The center of her business, domestic, and social life was in St. Croix.  See Vanterpool, 511 F.3d at 401.  While admittedly she owned an unoccupied house in and had other ties to Texas, her physical presence in the Virgin Islands, her intent to work indefinitely in St. Croix, and her business and social life there weigh decisively in determining her citizenship.  We find that her domicile was the Virgin Islands when the complaint was filed and that she has not met her burden of proof that she was a citizen of Texas at that time.

There is no diversity of citizenship between the parties.  Accordingly, we will dismiss this case for lack of subject matter jurisdiction.