```
          IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                     DIVISION OF ST. CROIX
```

| | | |
|---|---|---|
| GLORIA WASHINGTON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| HOVENSA, LLC, et al. | : | NO. 06-97 |

MEMORANDUM

Bartle, J.                                              November 2, 2011

       This is a personal injury action which is now on remand from the Court of Appeals for the Third Circuit for determination as to whether diversity jurisdiction exits under 28 U.S.C. § 1332(a).  The defendant Triangle Construction and Maintenance, Inc. ("Triangle"), a citizen of the Virgin Islands, maintains in its motion to dismiss that plaintiff Gloria Washington was also a citizen of the Virgin Islands on July 24, 2006 when she filed her complaint.  Plaintiff asserts that she was a citizen of Texas on that date.

       Based on the record previously before it, the court had decided that she was a citizen of the Virgin Islands and dismissed the action.  On remand, we held an evidentiary hearing so that the record on this issue could be more fully developed.  Plaintiff has now come forward with considerably more evidence than she had heretofore presented to the court.

       The plaintiff's domicile had been in Texas for a number of years when she moved to St. Croix in December 2005.  At that time, her employer Sabine Storage & Operations, Inc. sent her

here to work as a quality assurance, quality control inspector on a project for defendant HOVENSA, LLC which was constructing a sulfur gas unit at its refinery.  At her deposition and at the recent hearing, she testified she did not know at the time her lawsuit was filed how long she would be staying on St. Croix.

It is clear from the evidence that St. Croix became the center of her social and business life.  Her mother, her brothers, her sister, and numerous nephews and nieces still lived here.  They all resided in the same neighborhood, and she saw some of them several times a month including at weddings, birthday parties, and other occasions.  Before the lawsuit was filed, she had become romantically involved with her future husband whom she married in St. Croix in September 2006.  She had no social or business life in Texas after December 2005 and did not return to Texas during that period.  While on St. Croix she rented an apartment from a friend and purchased some furniture.  She brought some but not all of her clothes from Texas to St. Croix in December 2005.  Her employer Sabine provided her with a per diem of $100 while she worked on St. Croix in addition to her salary and supplied her with a rental car.

Her ties to Texas were not totally severed.  Plaintiff retained her home in Baytown, Texas and paid the utilities on that property.  In her absence, her adult daughter lived there.  She also maintained her bank account and driver's license in Texas, and her cars continued to be located in that state.  Her

federal income tax returns both before and after 2006 always listed Baytown, Texas as her home address.

Plaintiff, of course, has the burden to prove the existence of diversity of citizenship by a preponderance of the evidence. Krasnov v. Dinan, 465 F.2d 1298, 1301 (3d Cir. 1972). Diversity is to be determined based upon the facts at the time the lawsuit was initiated. Smith v. Sperling, 354 U.S. 91, 93 n.1 (1957); S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 414 n.2 (3d Cir. 1999). For purposes of diversity jurisdiction, a person is a citizen of the state or territory where she is domiciled. McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006). The Court of Appeals for the Third Circuit has defined domicile to be a person's "true, fixed and permanent home and place of habitation. It is the place to which, whenever ... [she] is absent, ... [she] has the intention of returning." Id. However, "a domicile once acquired is presumed to continue until it is shown to have been changed." Id. This gives rise to a presumption in favor of an established domicile over a new one. Id. at 286-87.

Since defendant maintains that plaintiff had established a new domicile in St. Croix, defendant has the burden of coming forward with evidence to rebut the presumption that her domicile remained in Texas. We find that defendant has produced sufficient evidence to rebut the presumption. Consequently, we must determine whether plaintiff has met her burden of proof that she was a citizen of Texas when she filed her complaint.

      We find after a hearing and a fully-developed record that plaintiff has proven by a preponderance of the evidence that as of July 24, 2006 her domicile was in Texas. While her social and business life was centered in St. Croix, it was always her intent to return to Texas at the conclusion of the project on which she was working. She retained her home in Texas and always listed Baytown, Texas as her home address on her income tax return. At her deposition, she did testify that she intended to remain on St. Croix "indefinitely," and we had previously interpreted this to mean that she did not intend to return to Texas. Having considered further evidence produced at the hearing, we are convinced that in the context of this case her statement must be understood as meaning that she did not know how long the project in St. Croix would take to complete and that she did not know when, not if, she would return to Texas. Her job as an inspector took her away from home for lengthy periods of time. Finally, the payment by her employer of a per diem is further proof that her stay in the Virgin Islands was not permanent.

      Accordingly, the motion of the defendant Triangle to dismiss this action for lack of subject matter jurisdiction will be denied.