```
            IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                      DIVISION OF ST. CROIX

GLORIA WASHINGTON                 :       CIVIL ACTION
                                  :
             v.                   :
                                  :
HOVENSA, LLC, et al.              :       NO. 06-97
```

MEMORANDUM

Bartle, J.                                          December 13, 2011

        Plaintiff Gloria Washington ("Washington") brings this action against defendants HOVENSA, LLC ("HOVENSA") and Triangle Construction and Maintenance, Inc. ("Triangle") in which she seeks damages for personal injuries allegedly suffered as a result of sandblasting occurring on HOVENSA's property in St. Croix. Before the court is the motion of HOVENSA in limine to preclude evidence and testimony pertaining to Washington's alleged ear injury. Washington has moved to strike or, in the alternative, deny HOVENSA's motion in limine as untimely.

        HOVENSA seeks to exclude the testimony of Jay Murphy, M.D. based on the untimely disclosure of his expert rebuttal report on August 28, 2009. On September 3, 2008, the magistrate judge in this case had entered a Scheduling Order requiring Washington to disclose her experts by May 29, 2009. On June 9, 2009, Washington moved for an extension of time to disclose her experts. This motion was denied on June 29, 2009. Our Court of Appeals affirmed the denial. See Washington v. Hovensa, 652 F.3d 340 (3d Cir. 2011). Accordingly, since Dr. Murphy's report was

disclosed on August 28, 2009, approximately three months after the deadline, his testimony will be excluded from trial to the extent it constitutes expert testimony.

Exclusion of an expert witness does not necessarily preclude his or her testimony as a lay witness.  See Fed. R. Evid. 701.  Dr. Murphy was Washington's treating physician.  Treating physicians may testify as lay witnesses with regard to treatment and diagnosis, but not as to causation unless "the connection is a kind which would be obvious to laymen, such as a broken leg from being struck by an automobile."  Franklin v. Virgin Petroleum Diamond, Inc., 53 V.I. 149, 152 (V.I. Super. Ct. 2010) (internal citations omitted).  See also Haines v. Davies, No. 1:07-cv-00851, 2009 U.S. Dist. LEXIS 9356 (M.D. Pa. Feb. 9, 2009).  Our Court of Appeals, however, has held that expert testimony is required to prove causation in cases where "the complexities of the human body place questions as to the cause of pain or injury beyond the knowledge of the average layperson." Redland Soccer Club v. Dep't of the Army, 55 F.3d 827, 852 (3d Cir. 1995).

Dr. Murphy's report sets forth his notes as to visits of Washington between April 7, 2006 and February 7, 2008.  It also includes a summary of Washington's injuries, prognosis, and recommendations.  While Dr. Murphy's report does contain statements regarding treatment and diagnosis, it also goes further to opine about causation.  In a paragraph dated April 7, 2006, Dr. Murphy wrote:

> Ms. Washington was seen in the office with complaints of left-sided tinnitus and fullness. 3 days prior, Ms. Washington was riding in a vehicle which had the driver's side window blown out by a large pressure release that had occurred outside the vehicle. This happened while she was performing her duties at Hovensa. Subsequently she described left-sided tinnitus and fullness, slight ear pain, and some light-headed dizziness when she stands up especially in the mornings as well as bending over.

Furthermore, at the end of his report Dr. Murphy wrote, "In summary, Ms. Washington has an apparent severe barometric trauma caused by a sudden external pressure release leading to an implosion of her driver's window." Both these statements address causation.

Here, whether the sandblasting incident on the HOVENSA property caused Washington's alleged ear injuries is not obvious to laypersons. Dr. Murphy wrote on July 7, 2006 that he recommended that Washington "try to obtain old hearing test for a baseline prior to the accident." Further, in his "Summary" at the end of his report he wrote, "I would suggest that this patient's old hearing test be made available to further document whether this hearing loss that she has shown for the last two years is indeed not preexisting." Thus, Dr. Murphy appears unsure that the sandblasting, and not some preexisting condition, caused the alleged injuries. If causation is not obvious to the treating physician, it follows that it would not be obvious to a layperson. We accordingly preclude Dr. Murphy from testifying about causation.

Without expert testimony on the causal connection between the sandblasting on HOVENSA's property and Washington's alleged ear injuries, Dr. Murphy's testimony on treatment and diagnosis of the ear injuries will be irrelevant.  However, it is unclear from the record before us whether there will be other causation testimony on the connection between the sandblasting and the ear injuries.[1]

We will also deny Washington's motion to strike the motion of HOVENSA in limine as untimely.  No scheduling order has been made setting a deadline for motions in limine since this case returned to our docket after Washington's appeal.  In the absence of a scheduling order, the parties should follow the local rules of the District Court of the Virgin Islands, which state that all motions in limine should be filed "no later than twenty-one (21) days before the day scheduled for jury selection."  See LRCi 7.2.  This case has been set for trial on January 17, 2012.  The motion of HOVENSA in limine to preclude evidence and testimony pertaining to Washington's alleged injury was filed on October 31, 2011 and is thus timely.

---

1.  HOVENSA referenced a report of plaintiff's expert Gary Jett, M.D. filed on January 16, 2008.  Dr. Jett appears to be certified in physical medicine and rehabilitation.  His report makes some mention of Washington's ear injuries, but it is unclear if he has expertise in otology and if Washington intends to offer him as an expert on causation of those ear injuries.